**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO MORENO-TOSCANO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72134 <br><br> Agency No. A075-570-882 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Mario Moreno-Toscano, a native and citizen of Mexico, petitions for review

of the Department of Homeland Security's ("DHS") June 14, 2013, order

reinstating his 1997 order of removal.  We have jurisdiction under 8 U.S.C. § 1252.

Our review is "limited to confirming the agency's compliance with the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny the petition for review.

The DHS did not err in issuing Moreno-Toscano's reinstatement order, where the record shows, and Moreno-Toscano admitted in a sworn statement to a DHS officer, that he was an alien, he was subject to a prior order of removal in 1997, and he illegally reentered subsequent to that order. *See Garcia de Rincon*, 539 F.3d at 1137 (our jurisdiction is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

Furthermore, Moreno-Toscano does not contend that any miscarriage of justice occurred in connection with his underlying 1997 removal order. *See Garcia de Rincon*, 539 F.3d at 1138 (while a petitioner is generally prevented from collaterally attacking an underlying deportation order on constitutional or legal grounds, 8 U.S.C. § 1252(a)(2)(D) permits some measure of review if he can demonstrate a "gross miscarriage of justice" in the underlying proceedings).

13-72134

In light of this disposition, we do not reach Moreno-Toscano's remaining contentions.

**PETITION FOR REVIEW DENIED**.